United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. CLEMONS; CHANTELLE CLEMONS,<br><br>            Plaintiff,<br><br>    v.<br><br>LAKE COUNTY SHERIFF RODNEY MITCHELL, SHERIFF CAPT. JAMES BAUMAN, SHERIFF SGT. MONREAL, SHERIFF SGT. FINDLEY,<br><br>            Defendants. | No. C 10-3832 WHA (PR)<br><br>**ORDER DENYING IN PART MOTION FOR RECONSIDERATION**<br><br>(Docket No. 16) |

      This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by an inmate at the Lake County Jail. Defendants' motion to dismiss the complaint for failure to state a cognizable claim for relief was granted. Plaintiff filed a motion for reconsideration, defendants filed an opposition, and plaintiff filed a reply brief .

      Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be

frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Ibid.*

In the complaint, plaintiffs complained that on several occasions jail officials did not allow plaintiff Chantelle Clemons, a minor, to visit her father, plaintiff John Clemons, unless she was accompanied by a legal guardian or a parent. The claim was dismissed because although a blanket restriction on family visits violates the First Amendment, a policy that only allows children to visit when the child is accompanied by a parent or legal guardian is constitutional. *See Overton v. Bazzetta*, 539 U. S. 126, 133 (2003).

Rather, plaintiffs contend that the dismissal was based upon a "misrepresentation" of the facts. They state, contrary to the allegations in the complaint, that Chantelle Clemons did in fact have a legal custodial guardian with her when she was denied the visits. It is clear from plaintiffs' reply brief, just as it was clear from the papers filed in opposition to the motion to dismiss, that the person accompanying Chantelle Clemons for the attempted visits was Tina Roberts, plaintiff John Clemens's sister. According to plaintiffs' own papers, Roberts was not appointed by as Chantelle Clemons's legal guardian by a court. The state courts appointed a different person, Shawna Lee Gottshall as the legal guardian. Plaintiff appears to state that he designated Roberts as Chantelle Clemons's guardian, but this does not make Roberts the legal guardian. As Chantelle Clemons was not accompanied by either a parent or an actual legal guardian when the visits were denied, plaintiffs' visitation claims fail.

The motion for reconsideration presents no mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud by defendants, voiding or satisfaction of the judgment, or any extraordinary circumstances justifying reconsideration of the dismissal of his claims about visits, or of his other claims regarding property and mail. Plaintiffs' disagreement with the ruling that the claims should be dismissed is a matter for appeal, not for reconsideration, and reconsideration of the dismissal of plaintiffs' claims is denied.

It is noted, however, that plaintiffs make new allegations in the papers filed with the motion for reconsideration suggesting that they may wish to pursue claims for retaliation or for racial discrimination. Plaintiffs were not given leave to amend their complaint in the dismissal

order, but if they wish to make such claims, then within thirty days from the date this order is filed they may file a motion for leave to file an amended complaint. They must attach to their motion a proposed amended complaint that sets forth cognizable claims under Section 1983 for the violation of federal law. The proposed amended complaint may not include any of the dismissed claims or incorporate any material from the original complaint, and it must include the caption and civil case number used in this order (Case No. 10-3832 WHA (PR)) as well as the words PROPOSED AMENDED COMPLAINT on the first page. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (amended complaint supercedes original complaint). If the proposed amended complaint states cognizable claims for relief, leave to file it will be granted and this case will be reopened.

In light of the foregoing, the motion for reconsideration of the dismissal order is **DENIED IN PART**. Failure to file a proposed amended complaint in conformity with this order will result in the denial the motion in its entirety.

**IT IS SO ORDERED.**

Dated: November   15  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\CLEMONS3832.REC.wpd

3